**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MINA SOJITRA,

        *Plaintiff,*

    v.

METROPOLITAN LIFE INSURANCE
COMPANY & VERIZON WIRELESS LONG
TERM DISABILITY PLAN,

        *Defendants.*

Civil Action No. 17-7230 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

On September 19, 2017, Plaintiff Mina Sojitra ("Plaintiff") filed a Complaint against Defendants Metropolitan Life Insurance Company ("MetLife") and Verizon Wireless Long Term Disability Plan ("Verizon") (collectively "Defendants"). D.E. 1. Currently pending before this Court is Defendants' motion to dismiss Plaintiff's Complaint or, in the alternative, motion for summary judgment. D.E. 6. Plaintiff submitted a brief in opposition, D.E 9, to which Defendants replied, D.E. 11.[1]

The crux of Plaintiff's Complaint is that Plaintiff was a Verizon employee, who due to a disability, pursued Long Term Disability ("LTD") Benefits from Verizon's claim administrator, MetLife. Complaint ("Compl.") ¶¶ 7-11; D.E. 1. Plaintiff claims that MetLife never formally

---

[1] In this Opinion, Defendants' motion to dismiss (D.E. 6) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 9) will be referred to as "Pl. Opp." Defendants' reply brief (D.E. 11) will be referred to as "Def. Rep."

denied her LTD benefits request, and, so, she has been unable to exhaust her administrative remedies through the requisite appeals process. *Id.* ¶¶ 25-8. However, in their motion, Defendants claim that MetLife sent a formal denial of LTD benefits to Plaintiff, which Plaintiff did not appeal within the allotted 180 days. Def. Brf. at 2-3. Defendants attached several exhibits to their motion:

1) "Your Benefit Plan--Cellco Partnership, d/b/a Verizon Wireless and Affiliates" (Ex. A; D.E. 6-3);

2) "Managed Disability Summary Plan Description--Verizon Wireless" (Ex. B; D.E. 6-4);

3) Letter from MetLife to Plaintiff's Counsel dated November 14, 2012 (Ex. C; D.E. 6-5);

4) Letter from Plaintiff's Counsel to MetLife on February 23, 2013 (Ex. D; D.E. 6-5);

5) Letter from MetLife to Plaintiff's Counsel dated July 18, 2013 (Ex. E.; D.E. 6-5);

6) Letter from MetLife to Plaintiff's Counsel dated September 16, 2013 (Ex. F; D.E. 6-5);

7) E-mail from Plaintiff's Counsel to MetLife dated August 29, 2016 (Ex. G; D.E. 6-5).

As a general rule, a "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). However, under appropriate circumstances, a "failure to exhaust may be raised as the basis for a motion to dismiss." *Id.* Here, however, Defendants have not filed an Answer, asserting the affirmative defense of Plaintiff's failure to exhaust administrative remedies. Instead, Defendants submitted the current motion with the documents, named above, as attachments. Discovery has not commenced in this matter.

Reviewing the documents that were submitted, the Court cannot definitively conclude that Plaintiff failed to exhaust her administrative remedies. Instead, the Court finds that discovery on the issue is appropriate.

For these reasons, and for good cause shown,

IT IS on this 27th day of June, 2018,

**ORDERED** that Defendants' motion to dismiss (D.E. 6) is **DENIED**; and it is further

**ORDERED** that Defendants' alternate motion for summary judgment (D.E. 6) is **DENIED without prejudice**; and it is further

**ORDERED** that Defendants must file an Answer within twenty (20) days of receipt of this Opinion and Order.[2]

John Michael Vazquez, U.S.D.J.

---

[2] The Court leaves it to the sound discretion of the Magistrate Judge as to whether discovery should, at first, be limited to the administrative remedy exhaustion issue.